## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:                                                          Case No. 23-00378-ELG

**BROUGHTON CONSTRUCTION CO., LLC,**          Chapter 7
                        Debtor.
_____

WENDELL WEBSTER, in his official capacity as
chapter 7 trustee and as assignee of Industrial
Bank and Nationwide Mutual Insurance Company,

                        Plaintiff,                              Adv. Case No. 25-10049-ELG

v.

**CLOUDFUND LLC,**

                        Defendant.
_____

### DEFENDANT CLOUDFUND LLC'S ANSWER TO COMPLAINT
### AND AFFIRMATIVE DEFENSES

Defendant Cloudfund LLC ("Cloudfund"), by and through its undersigned counsel, hereby

answers the Complaint of Wendell Webster, in his official capacity as Chapter 7 Trustee (the

"Trustee") of the estate of Broughton Construction Co., LLC (the "Debtor"), as follows. Cloudfund

denies each and every allegation of the Complaint not expressly admitted herein. To the extent any

paragraph contains allegations to which no response is required, Cloudfund denies any such

allegations.

**Introduction**

1.      Cloudfund admits that the Debtor paid amounts to Cloudfund pursuant to three Future Receipts Sale and Purchase Agreements. Cloudfund denies the remaining allegations of paragraph 1 and specifically denies that the payments constituted a "series of merchant cash advance transactions" as that term implies a loan or credit arrangement.

2.      Cloudfund admits that the three agreements are titled Future Receipts Sale and Purchase Agreements and that they involve the sale of future receivables in exchange for upfront cash. Cloudfund denies the remaining allegations of paragraph 2 to the extent they imply the agreements are other than bona fide sales.

3.      Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund denies the allegations of paragraph 3. Cloudfund specifically denies that the Agreements are sales at less than reasonably equivalent value, and affirmatively states that each Agreement constitutes a bona fide sale of future receivables for which Cloudfund paid fair consideration and assumed the risk of non-collection.

4.      Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund denies the allegations of paragraph 4. Cloudfund specifically denies that the Agreements are loans or that they are usurious. Multiple New York courts have examined these exact Agreements and held, as a matter of law, that they do not constitute loans subject to New York usury restrictions.

5.      Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund denies the allegations of paragraph 5.

6.      Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund denies the allegations of paragraph 6 and denies that the Trustee is entitled to any relief.

### Parties

7.      Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 regarding the Trustee's capacity or any assignment agreement.

8.      Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, but admits that the Debtor filed a petition for Chapter 7 relief.

9.      Cloudfund admits that it is a limited liability company formed under the laws of the State of New York. Cloudfund denies that it "carries on the business of entering into MCA agreements" to the extent that characterization implies Cloudfund makes loans. Cloudfund was in the business of purchasing future receivables from merchants.

### Jurisdiction and Venue

10.      Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund does not contest subject matter jurisdiction but reserves all rights with respect to the constitutional authority of this Court to enter final judgment on non-core claims pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011), and expressly does not consent to the entry of final orders or judgment by the Bankruptcy Court as to any non-core claims.

11.      Paragraph 11 states a legal conclusion to which no response is required.

12.      Paragraph 12 states a legal conclusion to which no response is required.

13.      Paragraph 13 states a legal conclusion to which no response is required.

**General Allegations**

14.    Cloudfund admits that on February 25, 2022, the Debtor and Cloudfund entered into a Future Receipts Sale and Purchase Agreement (the "February 2022 Agreement") pursuant to which the Debtor sold $282,000.00 in future receivables to Cloudfund and Cloudfund paid the Debtor $200,000.00 (less a due diligence fee of $1,901.00 and a UCC fee of $99.00). Cloudfund denies the remaining characterizations of paragraph 14.

15.    Cloudfund admits that the February 2022 Agreement provided for a specified purchased percentage of the Debtor's future receivables and a weekly remittance amount as a good-faith estimate of that percentage. Cloudfund denies the characterization "carte blanche assignment" and denies the remaining allegations of paragraph 15 to the extent they mischaracterize the nature or terms of the Agreement.

16.    Admitted.

17.    Paragraph 17 states a legal conclusion to which no response is required. Cloudfund specifically denies that the February 2022 Agreement is or was a loan. Cloudfund further denies the annualized interest rate calculation as it is based on the false premise that the Agreement is a loan, presupposes a fixed repayment period, and ignores the contingent nature of remittances under the Agreement.

18.    Cloudfund admits that on August 30, 2022, the Debtor and Cloudfund entered into a subsequent Future Receipts Sale and Purchase Agreement (the "August 2022 Agreement") pursuant to which the Debtor sold $840,900.00 in future receivables to Cloudfund and Cloudfund paid the Debtor $600,000.00 (less applicable fees and a holdback applied to retirement of the Debtor's remaining obligations under the February 2022 Agreement). Cloudfund denies the

remaining characterizations of paragraph 18, including the editorial commentary regarding the due diligence fee.

19.    Cloudfund admits that the August 2022 Agreement provided for a specified purchased percentage of the Debtor's future receivables and a weekly remittance amount as a good-faith estimate of that percentage. Cloudfund denies the characterization "carte blanche assignment" and denies the remaining allegations of paragraph 19 to the extent they mischaracterize the nature or terms of the Agreement.

20.    Paragraph 20 states a legal conclusion to which no response is required. Cloudfund specifically denies that the August 2022 Agreement is or was a loan and denies the annualized interest rate calculation for the same reasons stated in response to paragraph 17.

21.    Cloudfund admits that on or about October 2022, the Debtor and Cloudfund entered into a third Future Receipts Sale and Purchase Agreement (the "October 2022 Agreement") pursuant to which the Debtor sold $1,680,000.00 in future receivables to Cloudfund for a purchase price of $1,200,000.00, with remittances designed to represent a specified percentage of the Debtor's future receivables. Cloudfund denies the remaining characterizations of paragraph 21.

22.    Cloudfund admits that the disbursement to the Debtor under the October 2022 Agreement was $550,933.00 after deduction of a due diligence fee and a holdback applied to retirement of the Debtor's remaining obligations under the August 2022 Agreement. Cloudfund denies the editorial characterizations and sarcastic commentary embedded in paragraph 22.

23.    Paragraph 23 states a legal conclusion to which no response is required. Cloudfund specifically denies that the October 2022 Agreement is or was a loan and denies the annualized interest rate calculation for the same reasons stated in response to paragraph 17.

24.    Cloudfund admits that on or about June 9, 2023, it commenced an action in the Supreme Court of the State of New York, Nassau County, against the Debtor and others arising from the October 2022 Agreement. Cloudfund admits the amount alleged to be due. Cloudfund lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 24 regarding payments made.

25.    Cloudfund admits the allegations of paragraph 25.

26.    Cloudfund admits the allegations of paragraph 26.

27.    Cloudfund admits that the Debtor remitted a total of $1,039,762.00 to Cloudfund pursuant to the three Agreements. Cloudfund denies the characterization of those payments as anything other than remittances of purchased receivables properly owed to Cloudfund pursuant to valid sale agreements.

### Count I: Fraudulent Conveyance — February 2022 Agreement
### (11 U.S.C. § 548)

28.    Cloudfund repeats and realleges its responses to paragraphs 1 through 27 as if fully set forth herein.

29.    Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 regarding the Debtor's financial condition on February 5, 2022. Cloudfund therefore denies those allegations.

30.    Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 regarding the Debtor's ability to pay its debts as they came due. Cloudfund therefore denies those allegations.

31.    Denied. Cloudfund specifically denies that the receipt of $200,000.00 (less $2,000.00 in fees) in exchange for $282,000.00 in future receivables was for less than reasonably

equivalent value. The discount reflects the assumed risk of non-collection, not a usurious interest

charge. Cloudfund assumed the full risk that the purchased receivables might never be collected.

32.     Cloudfund admits that between February 5, 2022 and August 30, 2022, the Debtor

remitted $42,954.00 to Cloudfund pursuant to the February 2022 Agreement. Cloudfund denies

the characterization of those payments as anything other than remittances of purchased receivables.

### Count II: Fraudulent Conveyance — August 2022 Agreement
### (11 U.S.C. § 548)

33.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully

set forth herein.

34.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 34 regarding the Debtor's financial condition on August 30, 2022.

Cloudfund therefore denies those allegations.

35.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 35 regarding the Debtor's ability to pay its debts as they came due.

Cloudfund therefore denies those allegations.

36.     Denied. Cloudfund specifically denies that the receipt of $600,000.00 (less fees and

holdback) in exchange for $840,000.00 in future receivables was for less than reasonably

equivalent value, for the same reasons stated in response to paragraph 31. Cloudfund further denies

that the Debtor's obligation under the February 2022 Agreement was "avoidable."

37.     Cloudfund admits that between August 30, 2022 and October 21, 2022, the Debtor

remitted $202,933.00 to Cloudfund pursuant to the August 2022 Agreement. Cloudfund denies the

characterization of those payments as anything other than remittances of purchased receivables.

7

## Count III: Fraudulent Conveyance — October 2022 Agreement
### (11 U.S.C. § 548)

38.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

39.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 regarding the Debtor's financial condition on October 21, 2022. Cloudfund therefore denies those allegations.

40.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 regarding the Debtor's ability to pay its debts as they came due. Cloudfund therefore denies those allegations.

41.     Denied. Cloudfund specifically denies that the receipt of $1,200,000.00 (less fees and holdback) in exchange for $1,680,000.00 in future receivables was for less than reasonably equivalent value, for the same reasons stated in response to paragraph 31. Cloudfund further denies that the Debtor's obligation under the August 2022 Agreement was "avoidable."

42.     Cloudfund admits that between October 21, 2022 and May 8, 2023, the Debtor remitted $793,875.00 to Cloudfund pursuant to the October 2022 Agreement. Cloudfund denies the characterization of those payments as anything other than remittances of purchased receivables.

## Count IV: Fraudulent Conveyance — February 2022 Agreement
### (DC Code § 28-3105)

43.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

44.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 regarding the Debtor's financial condition on February 5, 2022. Cloudfund therefore denies those allegations.

45.     Denied. Cloudfund denies that the Debtor became further insolvent as a result of entering into the February 2022 Agreement.

46.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 regarding the Debtor's indebtedness to Industrial Bank.

47.     Denied, for the same reasons stated in response to paragraph 31.

48.     Cloudfund admits that between February 5, 2022 and August 30, 2022, the Debtor remitted $42,954.00 to Cloudfund pursuant to the February 2022 Agreement. Cloudfund denies the characterization of those payments as anything other than remittances of purchased receivables.

## Count V: Fraudulent Conveyance — August 2022 Agreement
### (DC Code § 28-3105)

49.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

50.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 regarding the Debtor's financial condition on August 30, 2022. Cloudfund therefore denies those allegations.

51.     Denied. Cloudfund denies that the Debtor became further insolvent as a result of entering into the August 2022 Agreement.

52.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 regarding the Debtor's indebtedness to Industrial Bank.

53.    Denied, for the same reasons stated in response to paragraph 31. Cloudfund further denies that the Debtor's obligation under the February 2022 Agreement was "avoidable."

54.    Cloudfund admits that between August 30, 2022 and October 21, 2022, the Debtor remitted $202,933.00 to Cloudfund pursuant to the August 2022 Agreement. Cloudfund denies the characterization of those payments as anything other than remittances of purchased receivables.

## Count VI: Fraudulent Conveyance — October 2022 Agreement
## (DC Code § 28-3105)

55.    Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

56.    Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 regarding the Debtor's financial condition on October 21, 2022. Cloudfund therefore denies those allegations.

57.    Denied. Cloudfund denies that the Debtor became further insolvent as a result of entering into the October 2022 Agreement.

58.    Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 regarding the Debtor's indebtedness to Industrial Bank.

59.    Denied, for the same reasons stated in response to paragraph 31. Cloudfund further denies that the Debtor's obligation under the August 2022 Agreement was "avoidable."

60.    Cloudfund admits that between October 21, 2022 and May 8, 2023, the Debtor remitted $793,875.00 to Cloudfund pursuant to the October 2022 Agreement. Cloudfund denies the characterization of those payments as anything other than remittances of purchased receivables.

### Count VII: Fraudulent Conveyance — February 2022 Agreement
### (11 U.S.C. § 548 — Usury/Loan Theory)

61.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

62.     Denied. The February 2022 Agreement represents a bona fide sale of future receivables and is not a loan agreement. The issue of whether the Agreements constitute loans has been finally adjudicated on the merits by the Supreme Court of the State of New York, Nassau County. *Cloudfund LLC v. Broughton Constr. Co. LLC*, 2023 N.Y. Misc. LEXIS 23043, at *13 (Sup. Ct. Nassau Cty. Dec. 4, 2023).

63.     Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund does not dispute the statutory rate but denies the premise that any of the Agreements are loans subject to usury restrictions.

64.     Denied. Cloudfund denies that the February 2022 Agreement has an "interest rate" because the Agreement is not a loan. The calculation in paragraph 64 is based on the false premise that the Agreement is a loan, presupposes a fixed repayment period, and ignores the contingent nature of remittances.

65.     Denied. The February 2022 Agreement is not a usurious loan and is neither unenforceable nor a nullity.

66.     Cloudfund admits that the Debtor remitted $42,954.00 pursuant to the February 2022 Agreement. Cloudfund denies that these payments were made pursuant to an "unenforceable loan agreement that is a nullity."

67.     Denied. Cloudfund denies that the Debtor did not receive reasonably equivalent value. The February 2022 Agreement is a valid sale agreement, not a nullity.

68.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 regarding the Debtor's financial condition. Cloudfund therefore denies those allegations.

69.     Denied. Cloudfund denies that the Debtor became further insolvent as a result of entering into the February 2022 Agreement.

### Count VIII: Fraudulent Conveyance — August 2022 Agreement
### (11 U.S.C. § 548 — Usury/Loan Theory)

70.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

71.     Denied. The August 2022 Agreement represents a bona fide sale of future receivables and is not a loan agreement, for the same reasons stated in response to paragraph 62.

72.     Paragraph 72 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund does not dispute the statutory rate but denies the premise that any of the Agreements are loans subject to usury restrictions.

73.     Denied, for the same reasons stated in response to paragraph 64.

74.     Denied. The August 2022 Agreement is not a usurious loan and is neither unenforceable nor a nullity.

75.     Cloudfund admits that the Debtor remitted $202,933.00 pursuant to the August 2022 Agreement. Cloudfund denies that these payments were made pursuant to an "unenforceable loan agreement that is a nullity."

76.     Denied. Cloudfund denies that the Debtor did not receive reasonably equivalent value. The August 2022 Agreement is a valid sale agreement, not a nullity.

77.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 regarding the Debtor's financial condition. Cloudfund therefore denies those allegations.

78.     Denied. Cloudfund denies that the Debtor became further insolvent as a result of entering into the August 2022 Agreement.

### Count IX: Fraudulent Conveyance — October 2022 Agreement
### (11 U.S.C. § 548 — Usury/Loan Theory)

79.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

80.     Denied. The October 2022 Agreement represents a bona fide sale of future receivables and is not a loan agreement, for the same reasons stated in response to paragraph 62.

81.     Paragraph 81 states a legal conclusion to which no response is required. To the extent a response is required, Cloudfund does not dispute the statutory rate but denies the premise that any of the Agreements are loans subject to usury restrictions.

82.     Denied, for the same reasons stated in response to paragraph 64.

83.     Denied. The October 2022 Agreement is not a usurious loan and is neither unenforceable nor a nullity.

84.     Cloudfund admits that the Debtor remitted $793,875.00 pursuant to the October 2022 Agreement. Cloudfund denies that these payments were made pursuant to an "unenforceable loan agreement that is a nullity."

85.     Denied. Cloudfund denies that the Debtor did not receive reasonably equivalent value. The October 2022 Agreement is a valid sale agreement, not a nullity.

86.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 regarding the Debtor's financial condition. Cloudfund therefore denies those allegations.

87.     Denied. Cloudfund denies that the Debtor became further insolvent as a result of entering into the October 2022 Agreement.

**Count X: Conversion**
**(District of Columbia Common Law)**

88.     Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

89.     Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 regarding Industrial Bank's UCC Financing Statement. The document referenced in paragraph 89 speaks for itself.

90.     Cloudfund admits that it collected remittances by debiting the Debtor's bank account pursuant to the Agreements. Cloudfund denies the remaining allegations of paragraph 90 to the extent they mischaracterize the method or nature of those collections. Cloudfund notes that paragraph 90 contains an apparent error, referring to payments debited from "the bank account of the Defendant" rather than the Debtor.

91.     Denied. The Agreements are not loans, and they are not unlawful or in contravention of the criminal usury laws of the State of New York.

92.     Cloudfund admits that it debited monies from the Debtor's bank account pursuant to and in accordance with the terms of valid sale agreements. Cloudfund denies the remaining characterizations of paragraph 92.

93.    Cloudfund lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 regarding whether the funds in the Debtor's bank account constituted the lawful collateral of Industrial Bank. To the extent the Trustee alleges that the funds constituted Industrial's collateral, neither the Debtor nor the Trustee had a possessory right in those funds sufficient to maintain a conversion claim.

94.    Denied. Cloudfund collected remittances of its own purchased receivables pursuant to valid sale agreements. Cloudfund denies that it took or exercised dominion over Industrial's collateral or denied Industrial's rights.

### Count XI: Unjust Enrichment
### (District of Columbia Common Law)

95.    Cloudfund repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

96.    Cloudfund admits that the Debtor remitted $1,039,762.00 to Cloudfund pursuant to the three Agreements. Cloudfund denies the characterization of those payments and denies that they constitute a "legal benefit" in the quasi-contractual sense, as the payments were made pursuant to valid written agreements.

97.    Cloudfund admits that it has retained the remittances paid by the Debtor pursuant to the Agreements. Cloudfund denies that the retention of such payments is inequitable or improper.

98.    Denied. It is not inequitable for Cloudfund to retain payments made pursuant to valid, written sale agreements. The Agreements provide for the sale of future receivables at a discount that reflects the risk of non-collection, not a "return on investment" or "interest rate."

99.     Denied. The Agreements are neither usurious loans that are nullities nor facially unconscionable. Multiple New York courts have examined these exact Agreements and upheld their validity.

## AFFIRMATIVE DEFENSES

Cloudfund asserts the following affirmative defenses without assuming any burden of proof that would otherwise rest with the Trustee, and without waiving any argument that any of the following are not affirmative defenses but rather elements on which the Trustee bears the burden of proof. Cloudfund reserves the right to amend or supplement these defenses as discovery proceeds.

### First Affirmative Defense — Failure to State a Claim

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### Second Affirmative Defense — True Sale (Not a Loan)

The Agreements each constitute a bona fide sale of future receivables and not a loan or forbearance of money. Purchase and sale of future accounts receivable transactions are not subject to New York usury laws. *Principis Capital, LLC v. I Do, Inc.*, 201 A.D.3d 752, 754 (2d Dep't 2022); *LG Funding, LLC v. United Senior Props. of Olathe, LLC*, 181 A.D.3d 664 (2d Dep't 2020); *Samson MCA LLC v. Joseph A. Russo M.D. P.C./IV Therapeutics PLLC*, 219 A.D.3d 1126 (4th Dep't 2023). Each Agreement satisfies the *LG Funding* three-factor test: (1) mandatory reconciliation provisions; (2) no finite term; and (3) no recourse against the Debtor in the event of bankruptcy. The Agreements are therefore true sales and cannot, as a matter of law, be usurious loans.

16

### Third Affirmative Defense — Collateral Estoppel / Issue Preclusion

The Trustee's usury and loan-recharacterization theories underlying Counts VII, VIII, and IX are barred by the doctrine of collateral estoppel. The Supreme Court of the State of New York, Nassau County, applied the *LG Funding* three-factor test to the October 2022 Agreement and dismissed the Debtor's usury defense and counterclaims on the merits, holding that "the affirmative defense premised upon usury is without merit and is dismissed." *Cloudfund LLC v. Broughton Constr. Co. LLC*, 2023 N.Y. Misc. LEXIS 23043, at *13 (Sup. Ct. Nassau Cty. Dec. 4, 2023). Pursuant to 28 U.S.C. § 1738 and New York's doctrine of collateral estoppel, that final determination is binding on the Trustee, who stands in the shoes of the Debtor under 11 U.S.C. § 541(a)(1). *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (1985); *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500 (1984); *Matter of Halyalkar v. Board of Regents*, 72 N.Y.2d 261, 267–68 (1988).

### Fourth Affirmative Defense — Reasonably Equivalent Value

Cloudfund gave reasonably equivalent value for each transfer. Under each Agreement, Cloudfund paid $200,000.00, $600,000.00, and $1,200,000.00 respectively in actual cash consideration and assumed the full risk that the purchased receivables might never be collected due to a slowdown or cessation of the Debtor's business. The discount on the purchase price reflects the assumed risk of non-collection, not a usurious interest charge. Where the purchaser bears genuine risk of loss, the consideration given constitutes reasonably equivalent value within the meaning of 11 U.S.C. § 548.

### Fifth Affirmative Defense — Good Faith Transferee (11 U.S.C. § 548(c))

Even if any transfer were avoidable—which Cloudfund expressly denies—Cloudfund is entitled to retain the transfers to the extent of the value given pursuant to 11 U.S.C. § 548(c). Cloudfund took each transfer for value, in good faith, having advanced $200,000.00, $600,000.00,

and $1,200,000.00 respectively in actual cash to the Debtor. The total advances made by Cloudfund ($2,000,000.00) exceed the total payments received ($1,039,762.00). The Complaint alleges no facts establishing bad faith on the part of Cloudfund.

### Sixth Affirmative Defense — No Conversion: Cloudfund Collected Its Own Property

Cloudfund collected remittances of future receivables that it had purchased and lawfully owned pursuant to valid sale agreements. A party cannot convert its own property. No conversion claim lies against a party collecting amounts to which it holds legal title.

### Seventh Affirmative Defense — Funds Not Specifically Identifiable (Conversion)

The conversion claim fails because the funds allegedly converted were commingled in the Debtor's general operating account and are not specifically identifiable as required under District of Columbia law. *Government of Rwanda v. Rwanda Working Group*, 227 F. Supp. 2d 45, 62 (D.D.C. 2002). Remittances were collected over more than two years of continuous business operations from a general operating account into which funds were regularly deposited and withdrawn.

### Eighth Affirmative Defense — Express Contract Bars Unjust Enrichment

The Trustee's unjust enrichment claim (Count XI) is barred because the parties' relationship is governed by three written Future Receipts Sale and Purchase Agreements that address the very subject matter of the claim. Quasi-contract relief is unavailable where an express contract governs the dispute. *Emerine v. Yancey*, 680 A.2d 1380, 1384 (D.C. 1996); *Harrington v. Trotman*, 983 A.2d 342, 346–47 (D.C. 2009).

### Ninth Affirmative Defense — Solvency

The Trustee has failed to adequately allege, and cannot prove, that the Debtor was insolvent at the time of each transfer as required to establish a constructive fraudulent transfer under 11

18

U.S.C. § 548(a)(1)(B) and DC Code § 28-3105. The Debtor was a going concern engaged in active construction operations at the time each Agreement was executed and continued operations for more than a year after the October 2022 Agreement was entered into.

### TenthAffirmative Defense — UCC Priority Dispute

To the extent the Trustee's conversion claim is premised on a dispute between Cloudfund's interest in the purchased receivables and Industrial Bank's UCC lien, that dispute sounds in UCC Article 9 priority—a statutory framework with its own remedial structure—and does not give rise to a tort claim for conversion. D.C. Code § 28:9-322.

### Eleventh Affirmative Defense — No Damages

The Trustee has suffered no cognizable damages recoverable against Cloudfund. The total remittances received by Cloudfund ($1,039,762.00) are less than the total cash advances made by Cloudfund ($2,000,000.00). Any recovery by the Trustee would constitute a windfall to the estate at Cloudfund's expense.

### Twelfth Affirmative Defense — Earmarking

The Trustee's fraudulent transfer claims are barred in part by the earmarking doctrine with respect to amounts withheld by Cloudfund at the closings of the August 2022 Agreement and October 2022 Agreement to retire the Debtor's outstanding obligations under the prior Agreements. Specifically, $239,046.00 was withheld at the August 2022 closing to satisfy the remaining balance under the February 2022 Agreement, and $637,067.00 was withheld at the October 2022 closing to satisfy the remaining balance under the August 2022 Agreement. These amounts were never advanced to the Debtor, never passed through the Debtor's bank account, and were never property over which the Debtor exercised dominion or control. Because the Debtor's estate was never enriched by these amounts, they cannot constitute property of the debtor subject

to avoidance, and the estate was not diminished by their application. Transfers of funds that the debtor never owned or controlled are not avoidable under 11 U.S.C. § 548. *Kaler v. Community First Nat'l Bank (In re Greenfield)*, 133 F.3d 1022, 1023 (8th Cir. 1998); *In re Medomak Canning*, 922 F.2d 895, 901 (1st Cir. 1990).

<u>**Thirteenth Affirmative Defense — Setoff and Recoupment**</u>

Cloudfund is entitled to a set-off or recoupment of monies due and owing from Debtor.

<u>**Fourteenth Affirmative Defense — Reservation of Rights**</u>

Cloudfund reserves the right to assert such additional affirmative defenses as may become available or apparent during the course of discovery or further proceedings in this matter.

**WHEREFORE**, Cloudfund LLC respectfully requests that this Court: (i) dismiss the Complaint with prejudice and enter judgment in favor of Cloudfund on all counts; (ii) deny all relief requested by the Trustee; (iii) award Cloudfund its costs and attorneys' fees to the extent permitted by law or the Agreements; and (iv) grant such other and further relief as this Court deems just and proper.

Dated: March 5, 2026                Respectfully submitted,

                                    WEIR LLP

                                    By:*/s/ Walter Weir, Jr.*
                                        Walter Weir, Jr., Esquire
                                        1339 Chestnut Street, Suite 500
                                        Philadelphia, PA 19107
                                        P:  (215) 665-8181
                                        F:  (215) 665-8464
                                        wweir@weirlawllp.com

                                    *Attorneys for Defendant Cloudfund LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 23-00378-ELG |
| **BROUGHTON CONSTRUCTION CO., LLC,** | Chapter 7 |
| Debtor. | |

_____

WENDELL WEBSTER, in his official capacity as
chapter 7 trustee and as assignee of Industrial
Bank and Nationwide Mutual Insurance Company,

              Plaintiff,                Adv. Case No. 25-10049-ELG

    v.

**CLOUDFUND LLC,**

              Defendant.

_____

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 5, 2026, I did cause a true and correct copy of the foregoing Defendant Cloudfund LLC's Answer to Complaint and Affirmative Defenses to be electronically filed with the United States Bankruptcy Court, pursuant to the Case Management/Electronic Filing system of the court, and electronic notice of such filing was served by the Office of the Clerk upon parties in interest registered in such Case Management/Electronic Case Filing System and via Email upon the following counsel for Plaintiff:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD  20854
mac@mbvesq.com
Special Counsel to Wendell Webster
In His Official Capacity as Chapter 7 Trustee

                /s/ Walter Weir, Jr.
                Walter Weir Jr., Esquire

21